IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BEATRIZ GARCIA; ROBERTO G. GARCIA; HECTOR GARCIA; PATRICIA ANN GARCIA CARPENTIER; and AMANDA GARCIA, | § § § § | |
| Plaintiffs, | § | Civil Action No. C-06-053 |
| v. | § § | |
| MERCK & CO., INC.; AMERISOURCE, INC.; BERGEN BRUNSWIG DRUG COMPANY d/b/a AMERISOURCEBERGEN; and DR. C. D. CARDENAS, | § § § § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day the Court considered its subject-matter jurisdiction sua sponte in the above-styled action. For the reasons stated herein, the Court finds that subject-matter jurisdiction is lacking and the action is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 05-12-44121.

### I.   Jurisdiction

Defendant Merck & Co., Inc. ("Merck") removed the action to this Court alleging diversity jurisdiction. See 28 U.S.C. § 1332. Specifically, Merck alleged that the amount in controversy exceeds $75,000 and that Plaintiffs, who are citizens of Texas, and all properly joined Defendants are citizens of different states. Merck acknowledged that one of the Defendants, Dr. C. D. Cardenas, is a Texas citizen, but argued that Defendant Cardenas was improperly joined to defeat diversity. (Notice of Removal ¶¶ 14-15.) For the reasons stated below, the Court finds that Defendant Cardenas was properly joined, and that the Court lacks subject-matter jurisdiction over the action.

**II.     Factual and Procedural Background**

Plaintiffs Beatriz Garcia, Roberto G. Garcia, Hector Garcia, Patricia Ann Garcia Carpentier, and Amanda Garcia filed their Original Petition in state court on December 29, 2005, claiming Defendants Merck, Amerisource, Inc., and Bergen Brunswig Drug Company d/b/a AmerisourceBergen (collectively the "Drug Defendants") manufactured, marketed, promoted, sold, and distributed Vioxx (Rofecoxib), a prescription drug designed to treat pain. (See Pls.' Original Pet. § VI.)  Plaintiffs alleged that Defendant Cardenas prescribed Vioxx to Plaintiff Beatriz Garcia. (Id. §§ V, IX.)  They further alleged that Plaintiff Beatriz Garcia suffered complications and life-threatening injuries from taking Vioxx, and that the remaining Plaintiffs suffered damages, including, but not limited to, loss of consortium and loss of services. (Id. §§ V, X.)

Plaintiffs maintained that all the Defendants, including Defendant Cardenas, "knew or should have known that Vioxx (Rofecoxib) caused unreasonably . . . dangerous side effects" (Pls.' Original Pet. § VII), nonetheless, the Defendants "failed to provide timely and adequate warnings or instructions . . . . The defective nature of this product is a contributing cause of [Plaintiff Beatriz Garcia's] injuries." (Id. § VI.)  Furthermore, Plaintiffs claimed that all the Defendants knew what use would be made of Vioxx and "impliedly warranted the product to be of merchantable quality, and safe and fit for such use." (Id. § VII.)  Plaintiffs alleged that Beatriz Garcia reasonably relied on this implied warranty, and that Vioxx turned out to be unreasonably dangerous. (Id.)

On January 10, 2006, Merck was served with Plaintiffs' Original Petition. (Notice of Removal ¶ 2.)  Within 30 days of service, Merck, joined by AmerisourceBergen Drug Corporation, removed the action to this Court on February 8, 2006, claiming nondiverse Defendant Cardenas was

improperly joined.[1]  See 28 U.S.C. § 1332.  Defendant Cardenas did not join the Notice of Removal.

### III.   Discussion

The party seeking removal bears a heavy burden of proving improper joinder.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of Plaintiffs to establish a cause of action against the nondiverse Defendant.  Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud in the pleading, Merck establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiffs against nondiverse Defendant Cardenas.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]."  Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573.  Ordinarily, if Plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder.  Smallwood, 385 F.3d at 573.  If Merck fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction.  See 28 U.S.C. § 1332; 28 U.S.C. § 1447(c).

In their Original Petition, Plaintiffs claimed that Defendant Cardenas negligently prescribed

---

[1] Merck stated in its Notice of Removal that Plaintiffs misidentified AmerisourceBergen Drug Corporation in the Original Petition as Amerisource, Inc. and Bergen Brunswig Drug Company d/b/a AmerisourceBergen.  (Notice of Removal ¶ 1 n.1.)

Vioxx to Plaintiff Beatriz Garcia and/or failed to warn her about Vioxx's known side effects. (Pls.' Original Pet. § IX.) As previously noted, as long as Plaintiffs could conceivably recover damages from nondiverse Defendant Cardenas, the action must be remanded.

### A. Merck's Arguments

Merck advanced four arguments in support of removal. First, Merck argued that Plaintiffs failed to set forth "specific factual allegations in support of [a claim against Defendant Cardenas]." (Notice of Removal ¶ 18.) Under Texas law, the elements of a medical malpractice claim are:

(1) a duty owed by Defendant physician to Plaintiff;
(2) a breach of the physician's applicable standard of care;
(3) injury or harm to Plaintiff; and
(4) a causal connection between the breach and the injury or harm.

Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003) (citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989)).

In their Original Petition, Plaintiffs specifically alleged that "Defendant C. D. Cardenas, M.D. prescribed Vioxx (Rofecoxib) to Plaintiff [Beatriz Garcia]. Defendant C. D. Cardenas, M.D. failed to warn and/or negligently prescribed the medication Vioxx (Rofecoxib) to Plaintiff [Beatriz Garcia]." (Pls.' Original Pet. ¶ IX.) Plaintiffs further alleged that "[d]espite the fact that the Defendants[, including Defendant Cardenas,] knew or should have known that Vioxx (Rofecoxib) caused unreasonably . . . dangerous side effects . . . , the Defendants[, including Defendant Cardenas,] continued to market and/or prescribe Vioxx . . . ." (Id. ¶ VII (emphasis added).)

Under Texas law, this type of affirmative act – prescribing medication – gives rise to a physician-patient relationship, which also gives rise to a duty on the part of the physician to "treat [the patient] with the skills of a trained, competent professional, and a breach of that duty may give

rise to a malpractice action." Gross v. Burt, 149 S.W.3d 213, 221-22 (Tex. App. 2004). Furthermore, the physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug." Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App. 2000). Thus, in their Original Petition, Plaintiffs sufficiently pleaded the first element of a medical malpractice claim. Moreover, by its very definition, a claim of negligence is a claim that Defendant Cardenas did not exercise the applicable standard of care. See Hammerly Oaks, Inc. v. Edwards, 958 S.W.2d 387, 393 (Tex. 1997); see also Diversicare Gen. Partner, Inc. v. Rubio, __ S.W.3d __, 2005 WL 2585490, at *4 (Tex. Oct. 14, 2005). Therefore, Plaintiffs adequately pleaded the second element. Likewise, Plaintiffs sufficiently pleaded the third and fourth elements because they claimed that Plaintiff Beatriz Garcia's injuries were caused by Vioxx negligently prescribed by Defendant Cardenas. Thus, Plaintiffs adequately pleaded a cause of action for medical malpractice against nondiverse Defendant Cardenas under Texas law. Merck's first argument in support of removal fails.

Merck then argued that Plaintiffs could not recover against Defendant Cardenas because they claimed that the Drug Defendants misrepresented Vioxx's safety and concealed the drug's dangers. Merck maintained that if it hid the dangers of Vioxx, then there would be no way for Defendant Cardenas to know of those dangers. Therefore, Merck argued that no viable claim against nondiverse Defendant Cardenas could be asserted. This argument is unpersuasive as well.

Plaintiffs alleged in their Original Petition:

> Despite the fact that the Defendants[, including Defendant Cardenas,] knew or should have known that Vioxx (Rofecoxib) caused unreasonably . . . dangerous side effects . . . , the Defendants continued to market and/or prescribe Vioxx (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

>     . . . .
>      . . . Defendants[, including Defendant Cardenas,] represented that the product was safe and fit for use when, in fact, it was not. Such conduct constitutes misrepresentations and negligent misrepresentations resulting in Plaintiffs' injuries and damages for which they sue.

(Pls.' Original Pet. § VII (emphasis added).)

The Court's reading of the Original Petition is: Plaintiffs alleged that all the Defendants, including Defendant Cardenas, knew or should have known the dangers of Vioxx, but continued "to market and/or prescribe" the medication. (Id. (emphasis added).) The Court does not read Plaintiffs' allegations as Merck suggested that the Drug Defendants concealed from Defendant Cardenas the drug's dangers or that Defendant Cardenas was unaware of the dangers when prescribed Vioxx to Plaintiff Beatriz Garcia. (See id.) Therefore, Merck's second argument fails.[2]

Third, Merck claimed that Chapter 74 of the Texas Civil Practice and Remedies Code provides the exclusive remedy for personal injury claims against a healthcare provider. (Notice of Removal ¶ 21.) Therefore, Merck asserted, to the extent Plaintiffs claimed that Defendant Cardenas deviated from the applicable standard of care, Plaintiffs' negligence claims are precluded under Tex.

---

[2] The Court notes that the Honorable Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana, to whom the Vioxx multidistrict proceeding ("MDL 1657") was assigned, see In re Vioxx Products Liability Litigation, 360 F. Supp. 2d 1352 (J.P.M.L. 2005), had issued orders that support a finding that Plaintiffs could conceivably recover damages from the prescribing physician. For example, in his June 6, 2005 Order and Reasons, Judge Fallon stated:

> The [Plaintiffs'] prescribing physicians in MDL 1657 are potential defendants in the MDL, if they are not named defendants already. Furthermore, the prescribing physicians are either potentially or currently subject to indemnity agreements with Merck. Therefore, the Plaintiffs' prescribing physicians are not merely bystanders to this litigation. Rather, physicians who have prescribed Vioxx to Plaintiffs in this MDL have actualized or potential interests in this lawsuit . . . .

In re Vioxx Products Liability Litigation, 230 F.R.D. 470, 472 (E.D. La. 2005), modified, 230 F.R.D. 473, 478 (E.D. La. 2005).

Civ. Prac. & Rem. Code Ann. ch. 74. (Id.) Chapter 74 of the Texas Civil Practice and Remedies Code provides several procedural requirements a medical malpractice Plaintiff must meet to succeed in an action. It is true that a Plaintiff cannot assert a medical malpractice claim against a physician in state court without complying with the procedural requirements set forth in Tex. Civ. Prac. & Rem. Code Ann. ch. 74. In this case, however, Merck has not alleged or provided evidence showing that Plaintiffs failed to satisfy any of the requisite procedural requirements.

Moreover, as Merck stated in its Notice of Removal, the elements of a medical malpractice claim under Tex. Civ. Prac. & Rem. Code Ann. ch. 74 are: "(1) a duty requiring the physician to conform to accepted standard [of] medical care [for] healthcare practitioners; (2) a breach of the applicable standard of care; (3) resulting injury; and (4) a proximate causal connection between the alleged breach of the standard of care and the alleged injury." (Notice of Removal ¶ 22.) These are the same elements of a medical malpractice claim that the Court discussed and found sufficiently pleaded by Plaintiffs previously. See supra pp. 4-5. Plaintiffs' claims against Defendant Cardenas are not precluded merely because Chapter 74 of the Texas Civil Practice and Remedies Code is not specifically mentioned in the Original Petition. Accordingly, Merck's third argument also fails.

Finally, Merck argued that "any medical malpractice claim that Plaintiffs may assert is most likely barred by the two-year statute of limitations governing healthcare liability claims." (Notice of Removal ¶ 23 (citing Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (emphasis added).) This argument fails because Merck has not established that Plaintiffs brought the action outside the limitations period. The Court reiterates that Merck, the party seeking removal, bears a heavy burden of proving Plaintiffs' inability to establish a cause of action against the nondiverse Defendant. See Smallwood, 385 F.3d at 574. Merck claimed that Plaintiffs did not specifically allege the exact date

of the allegedly negligent treatment by Defendant Cardenas. Accordingly, Merck asserted, Plaintiffs' claims against the nondiverse Defendant may be time barred. (Notice of Removal ¶ 23.) Where, as in the instant action, Plaintiffs alleged that a prescribed drug caused harm, the statute of limitations began to run from the date of the last drug treatment. See, e.g., Gross v. Kahanek, 3 S.W.3d 518, 521 (Tex. 1999). Merck has failed to establish when Plaintiffs' cause of action accrued under this precedent. Therefore, the Court cannot conclude that there is no possibility of recovery by Plaintiffs against nondiverse Defendant Cardenas on a statute of limitations ground.

### B. Cases Involving Physicians

In support of removal, Merck cited cases where courts denied remand upon finding that nondiverse physicians were improperly joined. (Notice of Removal ¶ 16.) Essentially, in these cases, remand was denied because: (1) the plaintiffs failed to allege the physicians negligently prescribed Vioxx, and/or (2) the plaintiffs alleged that the physicians were unaware of the dangers associated with Vioxx because Merck hid the information. For example, in Pikul v. Merck & Co., Inc., Civil Action No. H-03-3656 (S.D. Tex. Aug. 18, 2004), the court concluded that the physicians were improperly joined because: (1) the plaintiff referred to them "only in the petition's introduction of parties;" (2) with respect to allegations against the physicians, the plaintiff merely stated the dosage prescribed by the physicians; and (3) the plaintiff alleged that "Merck hid information about Vioxx from everyone – including the doctors." (Notice of Removal Ex. H at 3.) Similarly, in Estate of Flores v. Merck & Co., Inc., Civil Action No. C-03-362 (S.D. Tex. Mar. 15, 2004), the court stated that: (1) the only allegation that directly referred to the physician was that "Plaintiff Decedent was prescribed Vioxx by defendant Dr. Fuentes;" and (2) "the plaintiffs . . . claim[ed] that Merck failed to adequately and timely inform the healthcare industry[, including the defendant doctor,] of

the risks of serious personal injury and death from Vioxx ingestion." (Notice of Removal Ex. I at 2 (emphasis added).) Likewise, in Benavides v. Merck & Co., Inc., Civil Action No. L-03-134 (S.D. Tex. Feb. 24, 2004), the court noted that: (1) the only time the plaintiffs referred to the physicians by name was when alleging jurisdictional facts; and (2) the plaintiffs did not allege that the physicians "treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, . . . gave her samples of the drug . . . [or] had any interaction with [Ms. Gutierrez.]" (Notice of Removal Ex. J at 6.) Additionally, this Court has reviewed other cases dealing with the same issue. E.g., Eller v. Merck & Co., Inc., Civil Action No. C-04-096 (S.D. Tex. Jan. 7, 2005) (The court remanded the action upon finding that the nondiverse physician was properly joined.); Garza v. Heart Clinic, P.A., Civil Action No. M-03-087 (S.D. Tex. July 31, 2003) (same); Denny v. Merck & Co., Inc., Civil Action No. 03-510 (E.D. Tex. Apr. 19, 2004) (same).

      This Court finds that the instant action is distinguishable from cases where courts found improper joinder. As previously discussed, this Court concludes that Plaintiffs adequately pleaded a cause of action for medical malpractice against nondiverse Defendant Cardenas in the Original Petition. See supra pp. 4-5. In other words, the Court finds that Plaintiffs sufficiently alleged Defendant Cardenas negligently prescribed Vioxx to Beatriz Garcia. Additionally, as noted, this Court concludes that Plaintiffs sufficiently alleged all the Defendants, including Defendant Cardenas, knew or should have known Vioxx's dangerous side effects, and continued to "market and/or prescribe" Vioxx nonetheless. (See Pls.' Original Pet. § VII.) Plaintiffs' Original Petition does not allege that Merck concealed from Defendant Cardenas the dangers associated with the medication. Based on these reasons, the Court concludes that unlike cases where courts found improper joinder, the prescribing physician in this case was not improperly joined.

**IV.     Conclusion**

For the reasons stated, Defendant Merck has not met its heavy burden of showing improper joinder. Therefore, this Court does not have subject-matter jurisdiction over the action. The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 05-12-44121.

SIGNED and ENTERED this 7th day of March, 2006.

_____
Janis Graham Jack
United States District Judge